Edward WILLIAMS–BEY, Appellant,

v.

UNITED STATES PAROLE
COMMISSION,
Appellee.

No. 02–5102.

United States Court of Appeals,
District of Columbia Circuit.

Sept. 12, 2002.

Before SENTELLE, HENDERSON,
and TATEL, Circuit Judges.

*JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. The court has determined that the issues presented occasion no need for an opinion. *See* Fed. R.App. P. 36; D.C.Cir. Rule 36(b). It is

ORDERED AND ADJUDGED that the district court's February 6, 2002 final judgment be affirmed. Issuance of a writ of mandamus is a "drastic" remedy to be used in "extraordinary situations." *Kerr v. United States,* 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). This case does not present such an extraordinary situation, as appellant failed to show a clear and indisputable right to the relief sought. *See Gulfstream Aerospace Corp. v. Mayacamas Corp.,* 485 U.S. 271, 289, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988). Appellee properly scheduled the parole rehearing in accordance with the applicable regulations for D.C.Code offenders. *See*

28 C.F.R. §§ 2.75(a), 2.80(j)(1), (m)(1), (m)(3) (2000). Appellant's due process claim fails because he has not shown that a constitutionally protected liberty interest was violated. *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex,* 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979).

Additionally, appellant's Ex Post Facto Clause claim fails. *See Blair–Bey v. Quick,* 159 F.3d 591, 592 (D.C.Cir.1998) (on petition for reh'g). Under the prior regime, appellee's predecessor had the discretion to consider the inmate's offense, and a change merely in the manner in which appellee exercises its discretion does not offend the Ex Post Facto Clause. *See Blair–Bey v. Quick,* 151 F.3d 1036, 1047 (D.C.Cir.1998) (citing 9 D.C.R.R. § 105.1(a)-(f) (1981)); *Warren v. United States Parole Comm'n,* 659 F.2d 183, 195 (D.C.Cir.1981). Finally, no "double counting" occurred because the information concerning the nature of the crime contributed to two distinct determinations. Independent of the scoring determination, appellee weighed the unusually dangerous nature of appellant's offense as a factor in determining appellant's next hearing date. *See Hall v. Henderson,* 672 A.2d 1047, 1056 (D.C.1996).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.